IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY SULLENBERGER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-430 |
| | ) |
| SERGEANT CLIFFORD JOBE, LIEUTENANT | ) |
| BYRON LOCKE and CAPTAIN JOHN GALLAHER, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER

In this civil action, Plaintiff claims, <u>inter alia</u>, that Defendants violated 42 U.S.C. § 1983. In sum, Plaintiff alleges that he is employed by the Pennsylvania State Police as an instructor. He alleges that he was subject to retaliation after he expressed his opposition to certain training practices. Defendants have moved to dismiss the Complaint on various grounds. For the following reasons, the Motion will be granted in part and denied in part.

Rule 12(b)(6) requires that all factual allegations, and all reasonable inferences therefrom, be accepted as true and viewed in a light most favorable to the plaintiff. <u>Colburn v. upper Darby Twp.</u>, 838 F.2d 663, 666 (3d Cir. 1988). A Complaint may be dismissed for legal insufficiency only if it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of her claim that would entitle her to

relief. Conley v. Gibson, 355 U.S. 41, 45, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Civil rights complaints are not held to any heightened pleading standard. Leatherman v. Tarrant County Narcotics Intell. and Coord. Unit, 507 U.S. 163, 168, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993).

To state a First Amendment retaliation claim, a plaintiff must allege, inter alia, that the activity in question is protected by the First Amendment. Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006). A public employee's statement constitutes protected activity when 1) the employee spoke as a citizen in making the statement; 2) the statement involved a matter of public concern; and 3) the employer did not have an "adequate justification" for treating the employee differently from any other member of the public as a result of the statement. Id. at 241-42. Whether speech involves a matter of public concern involves an assessment of "the content, form, and context of [the] statement, as revealed by the whole record." Id. at 242-43 (citing Rankin v. McPherson, 483 U.S. 378, 384, 107 S. Ct. 2891, 97 L. Ed. 2d 315 (1987)). Moreover, "[a] defendant may defeat the plaintiff's claim by demonstrating that the defendant would have taken the same adverse action in the absence of plaintiff's protected conduct." Id. at 241 n.23.

Under applicable standards, at this early juncture, I cannot find it beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. The sum total of the pertinent allegations are that Plaintiff was an instructor for the Borough of Training and Education, and that he expressed his opposition to training practices on collision investigation. The

content, form, and context of Plaintiff's expression may or may not prove it actionable. Therefore, I will deny Defendants' Motion on that basis.

Defendants also argue that the Complaint should be dismissed because they would have taken the same action, absent the allegedly protected speech. They aver that Plaintiff admitted violating certain rules regarding overtime claims. Plaintiff, however, alleges that he was told that his claim was appropriate, and that the action taken against him was atypical. Defendants are not entitled to dismissal on this basis. Defendants also argue that they are not "persons" within the meaning of Section 1983, and cannot be sued in their official capacities, and that the Eleventh Amendment also precludes an official capacity suit against them. Plaintiff asserts, however, that he sues Defendants in their individual capacities only; therefore, the arguments in that regard are moot.

Finally, I address Defendants' claim that they are shielded from Plaintiff's state tort claims by sovereign immunity, 1 Pa. C.S. § 2310. "A Commonwealth employee is only protected by sovereign immunity for acting within the scope of his office or employment, and remains liable for willful misconduct committed outside the scope of his office or employment." Johnson v. Townsend, No. 3:03-CV-2277, 2005 U.S. Dist. LEXIS 31043, at **9-10 (M.D. Pa. Nov. 8, 2005). "Under Pennsylvania law, an employee acts within the 'scope of his employment' when [he] engages in conduct of the kind the employee is employed to perform, when the conduct occurs 'substantially within the authorized time and space limits,' and when the conduct is 'actuated, at least in part, by a purpose to serve' the employer." Johnson v. Knorr,

3

No. 01-3418, 2005 U.S. Dist. LEXIS 28860, at *27 n.5 (E.D. Pa. Oct. 31, 2005).

Here, there can be little argument that the Defendants' alleged conduct – instituting and conducting workplace disciplinary action and investigation against Plaintiff, removing Plaintiff from his position, and denying his vacation requests – clearly occurred within the scope of Defendants' employment with the state police. Plaintiffs' sole argument in opposition, that discrimination is not within the scope of Defendants' employment, is unpersuasive. See Roadcloud v. Pa. Bd. of Prob. & Parole, No. 05-3787, 2006 U.S. Dist. LEXIS 51246, at *8 (E.D. Pa. July 11, 2006). Plaintiff, therefore, cannot maintain his state tort claims in this action. To the extent that he intends to assert such claims, they will be dismissed.

THEREFORE this **1st** day of December, 2006, it is ORDERED, Defendants' Motion to Dismiss (Docket No. 7) is GRANTED in part and DENIED in part, as set forth herein.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge