IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gregory Sullenberger, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-430 |
| -vs- | ) |
| | ) |
| Sergeant Clifford Jobe, Lieutenant Byron Locke, | ) |
| and Captain John Gallaher, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

**OPINION AND ORDER**

Plaintiff brought this lawsuit pursuant to 42 U.S.C. §1983. Currently before the Court is Defendants' motion for reconsideration of my March 13, 2008 order partially granting Defendants' motion for summary judgment. My March 13, 2008 order granted partial summary judgment in favor of Defendants dismissing Plaintiff's First Amendment claim. (Docket entry no. 30). Defendants filed a motion for reconsideration requesting that I dismiss Plaintiff's remaining two claims – a Fourteenth Amendment claim and a conspiracy claim. In response to Defendant's motion for reconsideration, Plaintiff reargued his First Amendment claim and did not substantively address Defendants' arguments with respect to the other two claims. Upon analysis and consideration of each submission, and as set forth in my Opinion below, I am denying the Defendants' motion for reconsideration.

**II. Standard of Review**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also Drake v. Steamfitters Local Union No. 420*, 1998 U.S. Dist. LEXIS 13791, No. CIV.A97-CV-

1

585, 1998 WL 564886, at *3 (E.D. Pa. Sept. 3, 1998). Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *See, Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion. *See Vaidya v. Xerox Corp.*, 1997 U.S. Dist. LEXIS 18548, No. CIV.A.97-547, 1997 WL 732464, at *2 (E.D. Pa. Nov. 25, 1997). A motion for reconsideration should not ask the court to rethink a decision that it has already made. *Tobin v. GE*, No. Civ. A. 95-4003, 1998 WL 31875, at *2, 1998 U.S. Dist. LEXIS 693, at *4 (E.D. Pa. Jan. 27, 1998).

### III. Discussion

Defendants suggest their motion for reconsideration should be granted in order to correct a clear error of law and prevent manifest injustice – *i.e.* the third basis set forth in *Max's Seafood Café*. According to Defendants, Plaintiff's Fourteenth Amendment and conspiracy claims cannot survive since the First Amendment claim has been terminated. Defendants contend that due to their "inartful drafting," their original summary judgment brief did not clearly express that *Garcetti v. Ceballos*, 547 U.S. 410, 126 S. Ct. 1951, 1958, 164 L. Ed. 2d 689 (2006), requires that I dismiss <u>both</u> the First and Fourteenth Amendment claims. (*See*, Defendants' motion for reconsideration, docket entry no. 31, para. 5 and 8). Defendants claim the *Garcetti* case holds that when there is no First Amendment violation, (such as in this case where Plaintiff had no right to expect that his speech was protected), there can be no Fourteenth Amendment violation of a person's due process rights with respect to

2

unprotected speech.[1]

I disagree with Defendant's interpretation of *Garcetti*. Although the *Garcetti* Court noted that the plaintiff <u>filed</u> First and Fourteenth Amendment claims, the only issue decided in *Garcetti* was, "whether First Amendment protects a government employee from discipline based on speech made pursuant to the employee's official duties." 547 U.S. at 413, 415. Accordingly, the Defendants' reliance on *Garcetti* for the dismissal of Plaintiff's other claims is misplaced.

The *Garcetti* plaintiff worked for the district attorney's office, and, at the request of a defense attorney, conducted an investigation into an affidavit that was used to obtain a search warrant. The plaintiff concluded inaccuracies existed in the affidavit, prepared a memo informing his superiors of his conclusions, and recommended they dismiss the case. A meeting was held with the plaintiff, his superiors, the affiant, and members of the affiant's office. The meeting became heated and the plaintiff was criticized for his handling of the case. Plaintiff's superiors decided to proceed with the prosecution and the plaintiff was reassigned, transferred and denied a promotion. The defendants claimed these actions were based on staffing needs, but the defendants also argued that the plaintiff's memo was not protected speech so he could be disciplined as a result of it. The *Garcetti* Court concurred with the defendants holding, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their comments from employer discipline." 547 U.S. at 421.

Under the specific facts of this case, Defendants allege Plaintiff was moved from one post to

---

[1] Defendants also suggest an independent basis for the dismissal of the Fourteenth Amendment, namely that no evidence of Plaintiff's loss of life, liberty or property interest exists. However, because Defendants could have (but failed to) make this argument in their original motion for summary judgment, I cannot entertain this argument as a basis for granting Defendants' motion for reconsideration, since Third Circuit case law clearly indicates that new arguments or new legal theories which could have been made in support of the original motion cannot provide a basis for a motion for reconsideration. Since Defendants failed to make this particular argument with respect to the Fourteenth Amendment in their original motion for summary judgment, I cannot now entertain it as a basis for reconsideration.

another after an investigation led the Defendants to determine that he had filed a false report concerning his travel time. Plaintiff's complaint avers he had an interest in his specific job as a specialized instructor. He claims he lacked the ability to properly defend himself during inter-office disciplinary proceedings because Defendants failed to provide him with all of the statements made against him, and following the proceedings he was transferred resulting in a loss of his specialized instructor job. Thus, Plaintiff's Fourteenth Amendment claim appears to turn on: (1) whether he had an interest in his former job, and (2) if did have an interest, whether he was denied due process during the inter-office disciplinary proceedings. Accordingly, even though Plaintiff had no right to expect First Amendment protection for comments he made to Captain Gallaher, his Fourteenth Amendment right turns on whether he received due process during the separate, seemingly unrelated matter of his falsified travel records.

Similarly, in his conspiracy claim, Plaintiff alleges defendants conspired to violate his federal rights. Although the First Amendment claim has been dismissed, the Fourteenth Amendment claim has not. Plaintiff has alleged (again, neither party has provided any evidence on this point), Defendants conspired to deny him due process with respect to the inter-office disciplinary proceeding.

For all of the above reasons, Defendant's motion for reconsideration is denied. However, in light of Defendants' failure to address the two remaining issues in this case in its original motion for summary judgment and its obvious desire to brief them, Defendant may file a supplemental motion for summary judgment and brief in support by July 25, 2008. If such a motion and brief are filed, Plaintiff has until August 8, 2008 to directly address in a substantive manner any argument(s) raised by Defendant's supplemental motion and brief.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Gregory Sullenberger,                )
                                     )
          Plaintiff,                 )
                                     )
     -vs-                            )
                                     ) Civil Action No. 06-430
                                     )
                                     )
Sergeant Clifford Jobe, Lieutenant Byron Locke, )
and Captain John Gallaher,           )
                                     )
          Defendants.                )

AMBROSE, Chief District Judge.


**ORDER**

AND NOW, this 8th day of July, 2008, for reasons set forth in the accompanying Opinion, Defendants' Motion for Reconsideration of Order on Defendants' Summary Judgment (document #31) is denied. Should Defendant opt to file a supplemental motion for summary judgment and brief in support, they are due by July 25, 2008. Plaintiff's response to same is due by August 8, 2008.

                                            BY THE COURT:

                                    s/ Donetta W. Ambrose
                                      Donetta W. Ambrose,
                                      Chief U.S. District Judge