# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| Gregory Sullenberger, | ) |  |
| --- | --- | --- |
| Plaintiff, | ) |  |
| -vs- | ) | Civil Action No. 06-430 |
| Sergeant Clifford Jobe, Lieutenant Byron Locke, and Captain John Gallaher, | ) |  |
| Defendants. | ) |  |

AMBROSE, Chief District Judge.

## OPINION AND ORDER

### I. Procedural History

Defendants initially filed a motion for summary judgment on August 16, 2007. On March 13, 2008, I granted, in part, Defendants' motion for summary judgment noting that only one issue (a First Amendment issue) had been briefed. Defendants filed a motion for reconsideration asking that Plaintiffs' two remaining claims be dismissed. On July 8, 2008, I denied the motion for reconsideration but granted Defendants time to file a supplemental motion for summary judgment. The supplemental motion was filed on July 18, 2008, and Plaintiff filed responsive brief on August, 8, 2008. The issues raised by Defendants in their supplemental summary judgment motion are now ripe for review.

### II. Factual History

The facts were outlined in my March 18, 2008 Opinion and Order and will be briefly restated here. The facts below are not disputed unless otherwise noted.

Plaintiff currently works as a police officer for the Pennsylvania State Police ("PSP"). At all

1

times relevant to this lawsuit, Plaintiff served as an instructor for the Bureau of Training and Education, teaching various courses. In November of 2003, Plaintiff complained to his direct supervisor, Sergeant Jobe, that Lieutenant Locke had changed the curriculum of his collision investigation training class in such a way that the training did not meet federal National Highway Transportation Safety Administration guidelines. In March of 2004, while conducting a training in Hershey, Pennsylvania, Plaintiff discussed his concerns with Captain Gallaher. Several days after Plaintiff spoke with Captain Gallaher, Sergeant Jobe and Lieutenant Locke attempted to meet with Plaintiff to discuss his decision to break the chain of command by talking to Captain Gallaher about his concerns with the curriculum.

In May of 2004, Plaintiff filed paperwork to obtain payment for five hours of travel time and/or overtime for a training he conducted in Philadelphia, Pennsylvania. On July 15, 2004, Plaintiff received a "Notification of Inquiry" claiming he had falsely reported working five hours in May of 2004. On October 1, 2004, a "pre-disciplinary conference" was held and Plaintiff, Gallaher and Trooper Joe Gigich attended. After the conference, Plaintiff received a copy of a Disciplinary Action Report ("DAR"). In this report, Gallaher recommended the internal investigation against Plaintiff be sustained for submitting a timesheet which included five hours of work that Plaintiff never performed. Plaintiff received a fifteen-day suspension, which was later reduced to a seven-day suspension, and Plaintiff was permanently transferred to Troop A. Plaintiff has suggested that "he did nothing wrong" with respect to falsifying his timesheet; rather, he has submitted that there was an unwritten policy or understanding that permitted him, as a specialized instructor, to submit the extra five hours of work time since he often worked extra (unpaid) hours on his personal time to prepare for or complete a training.

Plaintiff claims the internal investigation, which ultimately led to his temporary suspension and permanent transfer, was done in retaliation for him: (1) expressing his disapproval of the curriculum changes made by Lieutenant Locke, and (2) breaking the chain of command by sharing his concerns with Captain Gallaher. He claims his Fourteenth Amendment procedural due process rights were violated and that Defendants engaged in a conspiracy to deprive him of his First and Fourteenth Amendment rights.

### III. Standard of Review

Under F.R.Civ.P. 56, summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(c) (2008). An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The court must view the facts in a light most favorable to the non-moving party, and the burden of establishing that no genuine issue of material fact exists rests with the movant. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 (3d Cir. 2001) *citing, Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "[T]he existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against the moving party." *Ely v. Hall's Motor Transit Co.*, 590 F.2d 62, 66 (3d Cir. 1978) (quoting, *Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir. 1972)).

### IV. Discussion

Defendants first request a dismissal of Plaintiff's Fourteenth Amendment due process claim.

3

Defendants assert that under the law, Plaintiff has no protected property interest in his former job as a specialized instructor. In response, Plaintiff claims his Fourteenth Amendment due process rights were violated by Defendants when they suspended him from his instructor job for seven days and then permanently transferred him to Troop A so he could no longer serve as a specialized instructor. Plaintiff offers no other explanation of precisely how Defendants violated his due process rights other than to say, "... the process afforded to the plaintiff was patently inadequate to provide him with the due process rights guaranteed by the Fourteenth Amendment ... . Although the plaintiff did nothing wrong, his suspension remained and he received an involuntary transfer. The plaintiff was clearly denied due process of law." (Plaintiff's Brief, p. 8).

The Supreme Court has clearly and consistently expressed its thoughts on Fourteenth Amendment due process claims. It has held:

> The Fourteenth Amendment prohibits state deprivations of life, liberty, or property without due process of law. Application of this prohibition requires a familiar two-stage analysis: we first must ask whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of "life, liberty, or property"; if protected interests are implicated, we then must decide what procedures constitute "due process of law."

*Board of Regents v. Roth*, 408 U.S. 564, 569-72, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972); *see also, Morrissey v. Brewer*, 408 U.S. 471, 481, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972).

"The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits." *Roth,* 408 U.S. at 576. Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law ... ." *Id.* at 577.

Based on the above law, and as I noted in my July 8, 2008 opinion and order, in order to

survive a motion for summary judgment on this issue, Plaintiff needs to point to the evidence that tends to show: (1) he had a protected property interest in his former job – meaning evidence that would tend to show that the specialized instructor job falls within the Fourteenth Amendment's protection of life, liberty or property – and, (2) how he was denied due process by the procedure used by Defendants to strip him of his instructor job.

The Third Circuit recently reiterated that, "'[t]o have a property interest in a job . . . a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment.'" *Coreia v. Schuylkill County Area Vocational-Technical School* Authority, 241 Fed. Appx. 47, 49 (3d Cir. 2007) *citing*, *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006). State law determines whether an individual has a legitimate entitlement. *Ibid*. Under Pennsylvania law, public employees have no protected property interest in their employment unless the state legislature explicitly provides one. *Coreia*, 241 Fed. Appx. at 50, *citing*, *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005).

Therefore, in order for Plaintiff to prevail on his Fourteenth Amendment claim, he must demonstrate that some evidence exits which justifies his unilateral expectation of continued employment as a specialized instructor for the PSP. Plaintiff failed to point to any evidence tending to support his belief that he was legitimately entitled to continued employment as a specialized instructor, nor did Plaintiff, a public employee, reference or cite any Pennsylvania law which explicitly bestows a protected property interest in his employment as a specialized PSP instructor.

In fact, Plaintiff did not lose his job with the PSP, and although his job duties changed, he holds the same rank today (Corporal) as he did when he underwent investigation and reprimand for the five hours of time he submitted for pay but did not work. Thus, since Plaintiff did not lose his

job title and was not demoted, Plaintiff essentially argues that he has a property interest in the specific job duties he performed before he was reassigned following the timesheet investigation.

*Dowling v. Commonwealth of Pennsylvania Liquor Control Board*, 1992 U.S. Dist. LEXIS 17438 (E.D. Pa. 1991), is similar to the facts of the case before me. In *Dowling*, the Plaintiffs, who were a class of former or current union members, brought a §1983 action against the defendants, alleging that the defendants violated their rights to procedural due process by administering racially biased transfer practices. Like Plaintiff in this case, the *Dowling* plaintiffs did not lose their jobs, their job titles, or seniority upon being transferred or reassigned to different state-run liquor stores. The *Dowling* plaintiffs, relying on 53 Pa. Const. Stat. Ann. § 12638 (1957), asserted that this law entitled them to continued employment at their current level. The court found that the defendants' transferring and reassignment practices did not constitute a deprivation of either a limited property interest or any other entitlement created by an independent source. The district court specifically held that neither the lateral transfers nor reassignments involved reductions in pay or position.

Similarly in this case, Plaintiff was transferred. He did not lose his rank, nor does he assert his pay was adjusted downward. He has not pointed to any property interest created by state law that would entitle him to protection under the Fourteenth Amendment.

Based on all of the aforementioned case law, no evidence exists which tends to support Plaintiff's claim that he had a protected property interest under the Fourteenth Amendment in his former teaching position. Given the fact that Defendants suspended and transferred Plaintiff without demoting or even firing him for submitting a timesheet to obtain pay for hours he did not work, underscores the fact that Plaintiff has suffered no loss. Because I find that Plaintiff had no property interest in his former job, I do not need to analyze the facts of this case under the second stage of the

6

*Roth* procedural due process test.[1]

The only remaining claim is Plaintiff's conspiracy claim. As noted by Defendants, it is unclear from the pleadings and evidence of record whether Plaintiff wants to pursue a conspiracy claim under state law, or under federal law. Either way, Plaintiff points to no evidence that tends to prove the elements of either type of conspiracy. Instead, Plaintiff cites one Pennsylvania Supreme Court case, *Thompson Coal Co. v. Pike Co.*, 412 A.2d 466, 472 (Pa. 1979), for the proposition that "a plaintiff must show that two or more persons combined or agreed with intent to do an unlawful act by unlawful means. Proof of malice, *i.e.* an intent to injure, is essential in proof of a conspiracy." (Plaintiff's brief, p. 11). Plaintiff describes the "unlawful act" as the violation of his Fourteenth Amendment rights. Because I have now determined that no violation of Plaintiff's Fourteenth Amendment rights occurred, and I previously held no violation of Plaintiff's First Amendment rights occurred, I find that no conspiracy claim can survive since no "unlawful act" occurred. Accordingly, I will dismiss the Plaintiff's conspiracy claim.

---

[1] Defendants also argue that any substantive due process claim Plaintiff may have attempted to assert must also fail under *Phillips v. County of Allegheny*, 515 F.3d 244 (3d Cir. 2008). However, I find no evidence of record to support a theory that Plaintiff ever asserted a substantive due process claim. Based on the Complaint, the submissions currently before me, and the original summary judgment submissions filed by the parties, Plaintiff clearly seeks redress for an alleged procedural due process violation. Even if Plaintiff is now attempting to assert a substantive due process violation, he proffers no evidence – and my own review of the record reveals none – to support a substantive due process claim.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gregory Sullenberger, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) ) Civil Action No. 06-430 |
| Sergeant Clifford Jobe, Lieutenant Byron Locke, and Captain John Gallaher, | ) ) ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER

AND NOW, this 30th day of September, 2008, for reasons set forth in the accompanying Opinion, Defendants' Supplemental Motion for Summary Judgment is granted. A separate Order will follow entering Judgment in favor of Defendants.

                                                      BY THE COURT:

                                                      s/ Donetta W. Ambrose
                                                         Donetta W. Ambrose,
                                                         Chief U.S. District Judge